# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-30967
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 19, 2016

Lyle W. Cayce
Clerk

WILLIAM DAN MOSS,

Plaintiff-Appellant

v.

LOUISIANA DEPARTMENT OF CORRECTIONS; KEVIN COBB, Sheriff;
LEE HARRELL, Sheriff; JERRY LARPENDER, Sheriff; LOUIS ACKAL,
Sheriff; KENNETH HEDRICK, Sheriff,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:15-CV-2632

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:*

William Dan Moss, former Louisiana prisoner # 535371, seeks to
appeal the dismissal with prejudice of his pro se, in forma pauperis (IFP) 42
U.S.C. § 1983 complaint as frivolous, for failing to state a claim on which
relief may be granted, and for seeking monetary damages against a
defendant who is immune from damages. *See* 28 U.S.C. § 1915(e)(2)(B). In

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 15-30967

his complaint and amended complaint, Moss alleged that the Louisiana Department of Corrections (DOC) and five Louisiana parish sheriffs violated various constitutional rights during his incarceration. He sought monetary damages.

A district court must dismiss an IFP complaint if it determines that the complaint is frivolous, fails to state a claim upon which relief can be granted, or seeks monetary damages from a defendant who is immune from such relief. *See* § 1915(e)(2)(B). We review de novo the dismissal of a complaint both as frivolous and for failing to state a claim. *See Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009).

In his brief on appeal, Moss fails to address the district court's dismissal of his claims against the DOC on the basis that the DOC was not a "person" subject to a suit under § 1983 and that the claims were barred by the Eleventh Amendment. Nor does he address the district court's finding that the claims against the individual sheriffs were prescribed.

Although the briefs of pro se plaintiffs are afforded liberal construction, even pro se litigants must brief arguments in order to preserve them. *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Merely listing claims with no analysis is inadequate to preserve the claim on appeal. *United States v. Green*, 964 F.2d 365, 371 (5th Cir. 1992). Failure to identify any error in the district court's analysis is the same as if the appellant had not appealed the judgment. *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Given the foregoing, the judgment of the district court is AFFIRMED.